1   LINDBERGH PORTER, Bar No. 100091
    lporter@littler.com
2   MARY D. WALSH, Bar No. 197039
    mdwalsh@littler.com
3   LISA K. HORGAN, Bar No. 267632
    lhorgan@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, CA  94108.2693
6   Telephone:  415.433.1940
    Facsimile:   415.399.8490
7
8   Attorneys for Defendant
    ESA MANAGEMENT, LLC

9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON R. RIVAS, individually and on behalf of himself and others similarly situated, | Case No.  2:14-cv-5767 DSF (ASx) |
| | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| Plaintiff, | |
| v. | Judge: Dale S. Fischer<br>Courtroom: 840 |
| ESA MANAGEMENT LLC, a Delaware company, and DOES 1 through 100, inclusive, | |
| Defendant. | |

Subject to the approval of this Court, Plaintiff Nelson Rivas ("Rivas" or "Plaintiff") and Defendant ESA MANAGEMENT, LLC (DBA EXTENDED STAY HOTELS) (collectively "Defendant" or "Extended Stay"), by and through their counsel of record, hereby STIPULATE AND AGREE to the following Protective Order:

### GOOD CAUSE STATEMENT

This above-captioned matter involves the employment of Plaintiff and other putative class members at Extended Stay.  As such, Defendant has produced and anticipates producing confidential information and documents related to Defendant's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**       1       Case No.  2:14-cv-5767 DSF (ASx)

1    operations and employees and other proprietary information, which may implicate
2    confidential business or financial information and/or privacy rights of the employees
3    that is generally otherwise unavailable to the public.

4            While the Parties, and each of them, reserve the right to object to and/or
5    challenge whether certain information is confidential, proprietary, a trade secret,
6    personal, and/or private, the Parties believe that they will or may be required to
7    produce or disclose in this action, and that nonparties may produce or disclose,
8    information that is confidential and/or proprietary, and/or information that is of a
9    private or personal nature and that, if disclosed in this action without restriction on its
10   use or further disclosure, may cause disadvantage, harm, damage and/or loss to the
11   disclosing Party, to the disclosing nonparty, or other nonparties.

12           THEREFORE, believing that good cause exists, the Parties hereby
13   stipulate that, subject to the Court's approval, the following procedures shall be
14   followed in this action to facilitate the orderly and efficient discovery of relevant
15   information while minimizing the potential for unauthorized disclosure or use of
16   personal, private, confidential, and/or proprietary information.

17           **1.    PURPOSES AND LIMITATIONS**

18           Disclosure and discovery activity in this action are likely to involve
19   production of confidential, proprietary, or private information for which special
20   protection from public disclosure and from use for any purpose other than prosecuting
21   this litigation would be warranted.  Accordingly, the parties hereby stipulate to and
22   petition the Court to enter the following Stipulated Protective Order.  The parties
23   acknowledge that this Order does not confer blanket protections on all disclosures or
24   responses to discovery and that the protection it affords extends only to the limited
25   information or items that are entitled under the applicable legal principles to treatment
26   as confidential.  The parties further acknowledge, as set forth in Section 10, below,
27   that this Stipulated Protective Order creates no entitlement to file confidential
28   information under seal.  The appropriate local rule sets forth the procedures that must

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**STIPULATED PROTECTIVE
ORDER**                                   2        Case No.  2:14-cv-5767 DSF (ASx)

1  be followed and reflects the standards that will be applied when a party seeks

2  permission from the Court to file material under seal.

3  **2.    DEFINITIONS**

4      2.1    <u>Party</u>:  any party to this action, including all of its officers, directors,

5  employees, consultants, retained experts, and outside counsel (and their support staff).

6      2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

7  the medium or manner generated, stored, or maintained (including, among other

8  things, testimony, transcripts, or tangible things) that are produced or generated in

9  disclosures or responses to discovery in this matter.

10      2.3    <u>"CONFIDENTIAL"</u> :  information (regardless of how generated, stored

11  or maintained) or tangible things that are confidential or sensitive proprietary,

12  business, commercial or personal information that counsel or any of the stipulating

13  parties have in good faith designated as "CONFIDENTIAL" that qualify for

14  protection under Federal Rule of Civil Procedure 26(c), and as specified above in the

15  Good Cause Statement.

16      2.4    <u>"HIGHLY  CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> :

17  extremely sensitive CONFIDENTIAL information, whose disclosure to another Party

18  or non-party would create a substantial risk of serious injury that could not be avoided

19  by less restrictive means, and may include but is not limited to information that

20  constitutes, discloses, reveals, describes or discusses, in whole or in part, trade secrets

21  that qualify for protection under Federal Rule of Civil Procedure 26(c), and as

22  specified above in the Good Cause Statement.

23      2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

24  from a Producing Party.

25      2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or

26  Discovery Material in this action.

27      2.7    <u>Designating Party</u>:  a Party or non-party that designates information or

28  items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**          3          Case No.  2:14-cv-5767 DSF (ASx)

1 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2     2.8   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

3 designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL –

4 ATTORNEYS' EYES ONLY."

5     2.9   <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who

6 are retained to represent or advise a Party in this action (as well as their support

7 staffs).

8     2.10  <u>In-House Counsel</u>:  attorneys who are employees of a Party.

9     2.11  <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Counsel (as

10 well as their support staffs).

11     2.12  <u>Expert</u>:  a person with specialized knowledge or experience in a matter

12 pertinent to the litigation who has been retained by a Party or its counsel to serve as an

13 expert witness or as a consultant in this action and who is not a past or a current

14 employee of a Party or of a competitor of a Party's and who, at the time of retention,

15 is not anticipated to become an employee of a Party or a competitor of a Party's. This

16 definition includes a professional jury or trial consultant retained in connection with

17 this litigation.

18     2.13  <u>Professional Vendors</u>:  persons or entities that provide litigation support

19 services (e.g., photocopying; videotaping; translating; preparing exhibits or

20 demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

21 their employees and subcontractors.

22    **3.**    **SCOPE**

23     The protections conferred by this Stipulated Protective Order cover not

24 only Protected Material (as defined above), but also any information copied or

25 extracted therefrom, as well as all copies, excerpts, summaries, or compilations

26 thereof, plus testimony, conversations, or presentations by parties or counsel to or in

27 court or in other settings that might reveal Protected Material.  Nothing in this

28 Stipulated Protective Order shall be deemed to restrict in any way any Designating

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**     4    Case No.  2:14-cv-5767 DSF (ASx)

Party's use of her or its own documents or information, nor shall it be deemed to restrict a Designating Party's attorney's use of such documents or information. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**4.    DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**          5          Case No.  2:14-cv-5767 DSF (ASx)

1   legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
2   ONLY" at the top of each page that contains protected material.  If only a portion or
3   portions of the material on a page qualifies for protection, the Producing Party also
4   must clearly identify the protected portion(s) (e.g., by making appropriate markings in
5   the margins) and must specify, for each portion, the level of protection being asserted
6   (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
7   ONLY").

8           (b)     for testimony given in deposition or in other pretrial or trial
9   proceedings, that the Party or non-party offering or sponsoring the testimony identify
10  on the record, before the close of the deposition, hearing, or other proceeding, all
11  protected testimony, and further specify any portions of the testimony that qualify as
12  "CONFIDENTIAL"  or  "HIGHLY  CONFIDENTIAL  –  ATTORNEYS'  EYES
13  ONLY."  When it is impractical to identify separately each portion of testimony that is
14  entitled to protection, and when it appears that substantial portions of the testimony
15  may qualify for protection, the Party or non-party that sponsors, offers, or gives the
16  testimony  may  invoke  on  the  record  (before  the  deposition  or  proceeding  is
17  concluded) a right to have up to 20 days following completion of the transcript to
18  identify the specific portions of the testimony as to which protection is sought and to
19  specify  the  level  of  protection  being  asserted  ("CONFIDENTIAL"  or  "HIGHLY
20  CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the
21  testimony that are appropriately designated for protection within the 20 days shall be
22  covered by the provisions of this Stipulated Protective Order.

23          If practical, transcript pages containing Protected Material must be
24  separately bound by the court reporter.  The court reporter must affix to the top of
25  each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
26  ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or
27  sponsoring the witness or presenting the testimony.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**STIPULATED PROTECTIVE
ORDER**                          6          Case No.  2:14-cv-5767 DSF (ASx)

(c)    for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by attempting in good faith to confer directly (in voice to voice

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**                     7            Case No.  2:14-cv-5767 DSF (ASx)

1   dialogue) with counsel for the Designating Party.  In conferring, each Party has a duty
2   to explain in good faith the basis for its belief that the confidentiality designation was
3   proper or not proper, as applicable, and the Designating Party must be given an
4   opportunity to review the designated material and reconsider its position.

5       6.3   <u>Judicial Intervention</u>.   A Party that elects to press a challenge to a
6   confidentiality designation after considering the justification offered by the
7   Designating Party may file and serve a motion under Civil Local Rule 37 (and in
8   compliance with Civil Local Rule 37-1, if applicable).

9       The burden of persuasion in any such challenge proceeding shall be on the
10  Designating Party.  Until the Court rules on the challenge, all parties shall continue to
11  afford the material in question the level of protection to which it is entitled under the
12  Producing Party's designation.

13      Frivolous challenges, and those made for improper purpose (e.g., to harass or
14  impose unnecessary expenses and burdens on other parties) may expose the
15  Challenging Party to sanctions.

16  **7.   ACCESS TO AND USE OF PROTECTED MATERIAL**

17      7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
18  disclosed or produced by another Party or by a non-party in connection with this case
19  only for prosecuting, defending, attempting to settle this litigation, or for any proper
20  purpose in connection with this litigation.  Such Protected Material may be disclosed
21  only to the categories of persons and under the conditions described in this Order.
22  When the litigation has been terminated, a Receiving Party must comply with the
23  provisions of section 11, below (FINAL DISPOSITION).

24      Protected Material must be stored and maintained by a Receiving Party at a
25  location and in a secure manner that ensures that access is limited to the persons
26  authorized under this Order.

27      7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.   Unless
28  otherwise ordered by the Court or permitted in writing by the Designating Party, a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**STIPULATED PROTECTIVE
ORDER**                8        Case No.  2:14-cv-5767 DSF (ASx)

1  Receiving Party may disclose any information or item designated CONFIDENTIAL
2  only to:

3          (a)     the Receiving Party's Outside Counsel of record in this action, as
4  well as employees of said Outside Counsel to whom it is reasonably necessary to
5  disclose the information for this litigation;

6          (b)     Each individual party who has signed the "Agreement to Be Bound
7  by Protective Order" (Exhibit A);

8          (c)     the officers, directors, and employees (exclusive of In-House
9  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this
10 litigation and who have signed the "Agreement to Be Bound by Protective Order"
11 (Exhibit A);

12         (d)     In-House Counsel of a Receiving Party to whom disclosure is
13 reasonably necessary for this litigation and who have signed the "Agreement to Be
14 Bound by Protective Order" (Exhibit A);

15         (e)     Experts (as defined in this Order) of the Receiving Party to whom
16 disclosure is reasonably necessary for this litigation and who have signed the
17 "Agreement to Be Bound by Protective Order" (Exhibit A);

18         (f)     the Court and its personnel;

19         (g)     court reporters, their staffs, and professional vendors to whom
20 disclosure is reasonably necessary for this litigation and who have signed the
21 "Agreement to Be Bound by Protective Order" (Exhibit A);

22         (h)     Witnesses in the action to whom disclosure is reasonably necessary
23 and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

24         (i)     the author of the document or the original source of the
25 information.

26         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
27 ONLY" Information or Items.   Any material or information designated "HIGHLY
28 CONFIDENTIAL – ATTORNEYS' EYES ONLY" may not be disclosed to the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**          9          Case No.  2:14-cv-5767 DSF (ASx)

Receiving Party, any officers, directors, or employees thereof, or to any other individual except as otherwise provided herein. Accordingly, unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     In-House Counsel of the Receiving Party, to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A)

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)     the author of the document or the original source of the information.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**          10          Case No.  2:14-cv-5767 DSF (ASx)

1    subpoena or court order.  The Receiving Party also must immediately inform in

2    writing the Party who caused the subpoena or order to issue in the other litigation that

3    some or all the material covered by the subpoena or order is the subject of this

4    Protective Order.  In addition, the Receiving Party must deliver a copy of this

5    Stipulated Protective Order promptly to the Party in the other action that caused the

6    subpoena or order to issue.

7          The purpose of imposing these duties is to alert the interested parties to

8    the existence of this Protective Order and to afford the Designating Party in this case

9    an opportunity to try to protect its confidentiality interests in the court from which the

10    subpoena or order issued. The Designating Party shall bear the burdens and the

11    expenses of seeking protection in that court of its confidential material and nothing in

12    these provisions should be construed as authorizing or encouraging a Receiving Party

13    in this action to disobey a lawful directive from another court.

14    **9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.**

15          If a Receiving Party learns that, by inadvertence or otherwise, it has

16    disclosed Protected Material to any person or in any circumstance not authorized

17    under this Stipulated Protective Order, the Receiving Party must immediately (a)

18    notify in writing the Designating Party of the unauthorized disclosures, (b) use its best

19    efforts to retrieve all copies of the Protected Material, (c) inform the person or persons

20    to whom unauthorized disclosures were made of all the terms of this Order, and (d)

21    request that such person or persons execute the "Acknowledgment and Agreement to

22    Be Bound" that is attached hereto as Exhibit A.

23    **10.     FILING PROTECTED MATERIAL.**

24          Without written permission from the Designating Party or a court order

25    secured after appropriate notice to all interested persons, a Party may not file in the

26    public record in this action any Protected Material.  A Party that seeks to file under

27    seal any Protected Material must comply with the applicable civil local rules. If a

28    Receiving Party seeks to file under seal any Protected Material, the Receiving Party

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**     11     Case No.  2:14-cv-5767 DSF (ASx)

1  shall state in its motion to file under seal that the Designating Party, pursuant to the
2  Parties' agreement, shall have seven (7) days to file a response, to give the
3  Designating Party an opportunity to explain the basis for the Confidentiality
4  designation.

5        Protected Material may only be filed under seal pursuant to a Court Order
6  authorizing the sealing of the Specific Protected Material at issue. If a party's request
7  to file material subject to this Protective Order under seal is denied by the Court, the
8  Receiving Party may file the information in the public record unless otherwise
9  instructed by the Court.

10     **11.    FINAL DISPOSITION**

11        Unless otherwise ordered or agreed in writing by the Producing Party,
12  within sixty days after the final termination of this action, each Receiving Party must
13  return all Protected Material to the Producing Party. As used in this subdivision, "all
14  Protected Material" includes all copies, abstracts, compilations, summaries or any
15  other form of reproducing or capturing any of the Protected Material. With
16  permission in writing from the Designating Party, the Receiving Party may destroy
17  some or all of the Protected Material instead of returning it. Whether the Protected
18  Material is returned or destroyed, the Receiving Party must submit a written
19  certification to the Producing Party (and, if not the same person or entity, to the
20  Designating Party) by the sixty day deadline that identifies (by category, where
21  appropriate) all the Protected Material that was returned or destroyed and that affirms
22  that the Receiving Party has not retained any copies, abstracts, compilations,
23  summaries or other forms of reproducing or capturing any of the Protected Material.
24  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
25  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
26  work product, even if such materials contain Protected Material. Any such archival
27  copies that contain or constitute Protected Material remain subject to this Protective
28  Order as set forth in Section 4 (DURATION), above.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**          12          Case No.  2:14-cv-5767 DSF (ASx)

1    **12.    MISCELLANEOUS**

2        12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any

3    person to seek its modification by the Court in the future.

4        12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this

5    Protective Order, no Party waives any right it otherwise would have to object to

6    disclosing or producing any information or item on any ground not addressed in this

7    Stipulated Protective Order. Similarly, no Party waives any right to object on any

8    ground to use in evidence of any of the material covered by this Protective Order.

9        12.3    <u>Agreements to be Bound.</u>   Where obligated under this Order to have a

10   person sign an "Agreement to be Bound by Protective Order", counsel for each Party

11   will retain a copy of the executed "Agreement to be Bound by Protective Order" while

12   this matter is pending including during the pendency of any appeal.  By stipulating to

13   the entry of this Protective Order, no Party waives the right to seek an order

14   compelling an examination of an executed "Agreement to be Bound by Protective

15   Order."

16       12.4   <u>Agreement to be Bound Prior To Court Approval</u>.  The Parties agree to be

17   bound by the Stipulated Protective Order immediately following its full execution.

18   The Parties agree to be bound prior to the Court's approval of the Stipulated

19   Protective Order.  Should the Court decline to approve of this Stipulated Protective

20   Order, the Parties agree to further meet and confer in good faith regarding a Revised

21   Stipulated Protective Order for the Court's approval.   If the Parties are unable to

22   reach an agreement on the terms of a Revised Stipulated Protective Order after the

23   Parties meet and confer, the Parties agree to return the Protected Material exchanged

24   pursuant to this Stipulated Protective Order and agree the Protected Material will have

25   the same protections as if this Stipulated Protective Order was signed and approved by

26   the Court.

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

**STIPULATED PROTECTIVE
ORDER**                13        Case No.  2:14-cv-5767 DSF (ASx)

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

2    Dated:  February 6, 2015                    COHELAN KHOURY & SINGER
                                                 LAW OFFICES OF SAHAG MAJARIAN
3                                                II

4

5                                                /s/ Kimberly D. Neilson
                                                 ISAM C. KHOURY
6                                                MICHAEL D. SINGER
                                                 KIMBERLY D. NEILSON
7                                                SAHAG MAJARIAN, II
                                                 Attorneys for Plaintiff
8                                                NELSON RIVAS

9
                                                 LITTLER MENDELSON, PC
10   Dated:  February 6, 2015

11
                                                 /s/ Lisa K. Horgan
12                                               LINDBERGH PORTER, JR.
                                                 MARY D. WALSH
13                                               LISA K. HORGAN
                                                 Attorneys for Defendant
14                                               ESA MANAGEMENT, LLC

15

16

17   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

18

19

20   Date: February 9, 2015                            / s /
                                                 HONORABLE ALKA SAGAR
21                                               United States Magistrate Judge

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

**STIPULATED PROTECTIVE ORDER**          14          Case No.  2:14-cv-5767 DSF (ASx)

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, do solemnly swear, under penalty of perjury, that I am fully familiar with the terms of the Stipulated Protective Order entered in *Nelson Rivas, Plaintiff, v. ESA MANAGEMENT, LLC, Defendant*, United States District Court for the Central District of California, Case No. CV 14-5767 DSF (ASx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____

_____

NAME:       _____

ADDRESS: _____

_____

_____

Firmwide:131587934.1 052026.1082

| STIPULATED PROTECTIVE ORDER | 1 | Case No.  2:14-cv-5767 DSF (ASx) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308